**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MAXIMUS III PROPERTIES, LLC | ) | |
| 2016 Isabella Court | ) | CASE NO. _____ |
| Girard OH, 44420 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| -vs- | ) | JUDGE _____ |
| | ) | |
| AUTOPARKIT, LLC | ) | |
| c/o 6023 Hazeltine Ave. | ) | |
| Los Angeles CA, 91401 | ) | |
| | ) | **COMPLAINT: BREACH OF** |
| Defendant | ) | **CONTRACT** |

Now comes the Plaintiff and for its Complaint states and alleges:

**PARTIES**

1. Plaintiff, MAXIMUS III PROPERTIES, LLC is a Nevada limited liability company, with its principal place of business in Girard, Ohio, Trumbull County and is licensed to do business in the State of Ohio.

2. Defendant, AUTOPARKIT, LLC is a Delaware limited liability company, with its principal place of business in Los Angeles, California and, upon information and belief, is now licensed to do business in the State of Ohio.

## JURISDICTION/VENUE

3. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Venue and jurisdiction are proper in this Court under 28 U.S.C. §1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and both parties do substantial business in this district and have minimum contacts therewith.

## FACTUAL BACKGROUND

5. On or about September 21, 2015, the parties hereto entered into a Lease agreement, the only copy of which in possession of the Plaintiff is unsigned by the Defendant and a copy of which is attached hereto as Exhibit A.  Immediately thereafter, both parties began fulfilling their duties and obligations under said Lease agreement.

6. The Lease agreement  addressed in paragraph six above required, *inter alia,* Plaintiff to lease to Defendant certain real property owned by Plaintiff and more fully described in a separate and distinct Purchase Agreement which is referenced in the Lease agreement and was executed between Plaintiff and an entity known as Dorian Capital Investments, Inc., a fully executed copy of the Purchase Agreement is attached hereto as Exhibit B.

7. On or before September 26, 2015, Defendant took possession of the subject premises from Plaintiff.

8. Shortly thereafter, Defendant began an extensive demolition to portions of the premises which continues to this day.

9. On or about February 19, 2016, the parties hereto entered into a First Amendment To Lease Agreement contract, a copy of which is attached hereto as Exhibit C.

10. On or about February 19, 2016, Plaintiff and Dorian Capital Investments, Inc. entered into a First Amendment To The Purchase Agreement contract, a copy of which is attached hereto as Exhibit D.

## COUNT ONE: BREACH OF CONTRACT

11. Plaintiff hereby incorporates the allegations contained in Paragraphs one through 10 above as if fully rewritten herein.

12. Plaintiff has fulfilled all of its duties and obligations to Defendant, as well as Dorian Capital Investments, Inc. pursuant to all of the above-described agreements, read *in pari materia*.

13. Pursuant to Section 28 of the Lease agreement, Plaintiff is entitled to access to the leased premises in order to retrieve Plaintiff's property, which property is specifically identified in Exhibit B to the original Purchase Agreement between Plaintiff and Dorian Capital Investments, Inc.

14. Defendant has breached the terms contained in Section 28 by only permitting Plaintiff's agents to enter the subject premises when assistance from Plaintiff is needed by Defendant for some purpose and denying Plaintiff access to the premises on numerous other occassions in order for Plaintiff to retrieve its property and for other lawful purposes.

15. The conduct by Defendant described in Paragraph 13 above has prevented Plaintiff from retrieving its property, has occurred despite repeated demands by Plaintiff for such access, and was done in a willful and wanton fashion, in complete disregard for the rights of Plaintiff.

16. As a direct and proximate result Defendant's breaches of its obligations pursuant to Section 28 of the Lease agreement, Plaintiff has suffered damages in the amount of $2,500,000.00.

17. Pursuant to Section 9 of the Lease agreement, Defendant is obligated to indemnify Plaintiff for damages resulting to Plaintiff as a result of Defendant's conduct which creates liability by virtue of, *inter alia,* violations of all pertinent environmental laws and regulations for which Plaintiff may be held legally liable as the owner of the premises.

18. Pursuant to Section 11 of the Lease agreement, Defendant is required to make all alterations, modifications or improvements, including demolitions, to the subject premises in a good and workmanlike manner and is not permitted to make any such changes which result in either a weakening of the structure of the buildings located on the premises or a diminution in their value.

19. Pursuant to Section 16 of the Lease agreement, Defendant is required to follow all pertinent laws in either occupying or altering, modifying or improving the premises.

20. Defendant has breached the terms of the Sections 9, 11 and 16 of the Lease agreement by its conduct in: (1) failing to obtain a contractor's license required by law; (2) failing to set up a Worker's Compensation Account with the State of Ohio prior to commencing its alterations, modifications in improvements to the premises; (3) failure to obtain and provide a copy of liability insurance on the premises; (4) failure to obtain permits from

the City of Warren for its demolition, alteration, modification of the premises; (5) failing to submit certified architectural drawings for underground electrical installations; (6) failing to submit certified architectural drawings for demolitions of or modifications to external load bearing masonry walls and/or foundations; (7) failing to construct foundations for exterior load bearing walls; (8) failing to construct a silt fence around exterior boundaries of certain demolition areas and, thereby, permitting contaminated mud to run into the local sewer system; (9) permitting demolition and other work to be conducted in areas contaminated by asbestos and/or lead based paint, without obtaining proper permits for such work from the Ohio Environmental Protection Agency and other applicable governmental agencies; and (10) permitting unlawful burning of materials containing mastic glue in violation of a variety of environmental regulations.

21. Defendant has failed and refused to permit an environmental expert retained by Plaintiff to inspect the premises to do so and, until such has occurred, it is impossible for Plaintiff to determine the full extent of existing violations, environmental and otherwise, or the full extent to which Plaintiff is exposed to future liability for such as owner of the premises.

22. As a direct and proximate result of the aforementioned breaches of Paragraphs 9, 11 and 16 of the Lease agreement by Defendant, Plaintiff has suffered damages and will continue to do so in the future in an amount which cannot be determined until Plaintiff and his expert are permitted to perform a full inspection of the premises.

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment in their favor

and against Defendants as follows: judgment for compensatory damages in the sum of $2,500,000.00, plus all other amounts to be proven at trial related to Plaintiff's costs and expenses necessary to rectify code violations, including environmental violations, present at the subject premises caused by Defendant; Plaintiffs court costs and expenses; Plaintiffs reasonable counsel fees; and for such other relief as this Court may deem just and equitable.

                                Respectfully submitted,

                                /s/ Michael A. Partlow
                                Michael A. Partlow (0037102)
                                112 South Water Street, STE C
                                Kent, OH 44240
                                330.400.2290
                                888.707.5871 (Fax)
                                partlowlaw@aol.com

                                *Counsel for Plaintiff*

He he