# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAXIMUS III PROPERTIES, LLC, | ) | CASE NO. 4:17-cv-01495-BYP |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| vs. | ) | |
| | ) | |
| AUTOPARKIT, LLC, | ) | **DEFENDANT AUTOPARKIT** |
| | ) | **LLC'S ANSWER** |
| Defendant. | ) | |

Now comes Defendant Autoparkit, LLC ("Defendant"), by and through undersigned counsel, to file its Answer to Plaintiff's Complaint as follows:

## PARTIES

1. Defendant admits the allegations in paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits the allegations in paragraph 2 of the Plaintiff's Complaint.

## JURISDICTION/VENUE

3. Defendant denies the allegations in paragraph 3 of the Plaintiff's Complaint. Specifically, Defendant cannot affirm or attest the action is between citizens of different States.

4. Defendant denies the allegations in paragraph 4 of the Plaintiff's Complaint.

## FACTUAL BACKGROUND

5. Defendant admits that "Exhibit A" of the Plaintiff's Complaint speaks for itself. Defendant admits it began to fulfill the duties under the Lease Agreement, but is without sufficient knowledge or information to form an opinion or belief as to the truth of the remainder of paragraph

5 of the Plaintiff's Complaint, and therefore denies the allegations contained within.

6. Defendant admits the allegations in paragraph 6 of the Plaintiff's Complaint, and admits that "Exhibit B" of the Plaintiff's Complaint speaks for itself.

7. Defendant admits the allegations in paragraph 7 of the Plaintiff's Complaint.

8. Defendant admits the allegations in paragraph 8 of the Plaintiff's Complaint.

9. Defendant admits that "Exhibit C" of the Plaintiff's Complaint speaks for itself, and therefore admits the allegations in paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits that "Exhibit D" of the Plaintiff's Complaint speaks for itself, and therefore admits the allegations in paragraph 10 of the Plaintiff's Complaint.

## **COUNT ONE: BREACH OF CONTRACT**

11. Defendant incorporates all of its prior admissions and denials previously set forth in paragraphs 1 through 10 in response to paragraph 11 of the Plaintiff's Complaint as if fully rewritten herein.

12. Defendant denies the allegations in paragraph 12 of the Plaintiff's Complaint.

13. Defendant admits that Section 28 of the Lease Agreement speaks for itself. Defendant denies the remaining allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies paragraph 16 of the Plaintiff's Complaint.

17. Defendant admits that Section 9 of the Lease Agreement speaks for itself. Defendant denies the remaining allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. Defendant admits that Section 11 of the Lease Agreement speaks for itself. Defendant denies the remaining allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. Defendant admits that Section 16 of the Lease Agreement speaks for itself. Defendant denies the remaining allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations in paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations in paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies each and every allegation not specifically admitted herein to be true.

24. Before Plaintiff instituted its action all of Defendant's interests in the Lease and any and all rights related to or arising therefrom were assigned by Defendant for valuable consideration to a third party which is qualified to do business and is doing business in Ohio. Defendant alleges on information and belief that Plaintiff has failed to include an indispensable party as a Defendant and that this Court lacks diversity jurisdiction in this case and there is no other basis for this Court to assert jurisdiction.

**AFFIRMATIVE DEFENSES**

25. The Complaint fails to state a claim against Defendant, upon which relief can be granted.

26. Defendant had complied with all contractual obligations and Lease requirements. The Plaintiff's claims are barred in whole or in part by the Plaintiff's breach of its duty of good faith and fair dealing.

27. Plaintiff's claims are barred, as they materially breached the contract with Defendant.

28. Plaintiff's claims are barred due to its unclean hands in its failure to comply with lease provisions and its failure to pay real estate taxes and assessments for the leased premises, as

evidenced by the Foreclosure Decree entered into the case; *Sam Lamancusa, Treasurer Trumbull County, Ohio v. Maximus III Properties LLC, et. al.*, Case No. 2016-cv-1730, Trumbull County Court of Common Pleas, entered on July 12, 2017.

29. Defendant reserves the right to amend its affirmative defenses as discovery progresses in this case.

WHEREFORE, Defendant submits that the Complaint should be dismissed with prejudice, and that Defendant be granted attorney fees and any other equitable relief determined to be appropriate by this Court.

Respectfully submitted,

/s/ John W. Monroe
JOHN W. MONROE (#0061845)
JAMES A. BUDZIK (#0030088)
Mansour Gavin LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio  44114
Telephone:  (216) 523-1500/Fax:  (216) 523-1705
jmonroe@mggmlpa.com
jbudzik@mggmlpa.com

*Attorneys for Defendant Autoparkit LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John W. Monroe
JOHN W. MONROE (#0061845)
JAMES A. BUDZIK (#0030088)

*Attorneys for Defendant Autoparkit LLC*